IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50717
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMAN GONZALEZ LOPEZ, also known as R.G. Lopez,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-92-CR-215
- - - - - - - - - -
April 19, 1996
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

R.G. Lopez appeals his sentence following remand for conspiracy to distribute heroin and distribution of heroin. Lopez contends that the district court erred by attributing 283.5 grams of heroin to him; increasing his offense level upward for his role as a manager supervisor; increasing his offense level upward for obstruction of justice; increasing his offense level upward for abuse of a position of trust; and attributing to him

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

an amount of heroin he negotiated to sell but was incapable of producing.

We have reviewed the record and the briefs of the parties and we find no reversible error. Regarding the manager/supervisor adjustment, we affirm for essentially the reasons relied upon by the district court.

Regarding the attribution of 283.5 grams of heroin to Lopez, the district court's finding that Lopez received $12,000 from a coconspirator in October 1992 is clearly erroneous in light of our previous opinion in Lopez's case. However, evidence supports finding that Lopez did receive the money in November 1992 and reasonably could have foreseen that the money was drug-trafficking proceeds. *United States v. Maseratti*, 1 F.3d 330, 340 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1096, *and cert. denied*, 114 S. Ct. 1552, *and cert. denied*, 115 S. Ct. 282 (1994). The district court's attribution of 283.5 grams of heroin was not clearly erroneous.

Regarding Lopez's remaining contentions, the district court rejected Lopez's objections to the presentence report in part because Lopez filed those objections untimely, on the day before sentencing. Lopez has failed to brief whether the district court erred by rejecting his objections as untimely. Consequently, he has failed to brief the proper issue for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). We therefore do not consider Lopez's remaining contentions on their merits.

AFFIRMED.